1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JANE F. SULLIVAN,

         Plaintiff,

  v.

STATE OF WASHINGTON and U.S. GOVERNMENT,

         Defendants.

NO. CV-06-3045-EFS

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

14      On September 6, 2005, Plaintiff Jane F. Sullivan filed what was
15 construed by the Clerk of the Court to be a *pro se* civil complaint
16 against the State of Washington. (CV-05-3088-EFS: Ct. Rec. 1.)  As a
17 result of that filing, a civil action (CV-05-3088-EFS) was opened in
18 Plaintiff's name and assigned to this Court. *Id.*  After reviewing
19 Plaintiff's complaint in that action for legal and factual sufficiency,
20 the Court determined Plaintiff's complaint was in violation of Federal
21 Rule of Civil Procedure 8(a) because it failed to (1) state the grounds
22 upon which the Court's jurisdiction was based, (2) explain why Plaintiff
23 was entitled to relief, and (3) make a demand for relief. (CV-05-3088-
24 EFS: Ct. Rec. 23.)  For that reason, the Court did not permit Plaintiff
25 to proceed against the State of Washington in Case No. CV-05-3088 based
26 on the allegations contained in the original complaint. *Id.* Nonetheless,

ORDER ~ 1

1 because the Court determined it was not absolutely clear that amendment
2 would be futile, Plaintiff was permitted to amend her complaint in Case
3 No. CV-05-3088-EFS. *Id.*  In response, on January 10, 2006, Plaintiff
4 filed an amended complaint. (CV-05-3088-EFS: Ct. Rec. 27.)

5 After receiving Plaintiff's amended complaint, the Court conducted
6 a second screening for legal and factual sufficiency. (CV-05-3088: Ct.
7 Rec. 28.)  Again, as was found with regard to the original complaint, the
8 Court concluded the amended complaint did not comply with Rule 8(a)
9 because it failed to (1) state the grounds upon which the Court's
10 jurisdiction was based, (2) explain why Plaintiff was entitled to relief,
11 and (3) make a demand for relief. *Id.*  Because Plaintiff failed to file
12 an amended complaint in compliance with Rule 8(a), the Court dismissed
13 Case No. CV-05-3088-EFS. *Id.*  Plaintiff appealed the dismissal to the
14 Ninth Circuit Court of Appeals on January 23, 2006. (CV-05-3088: Ct. Rec.
15 30.)  This appeal is still pending.

16 On May 30, 2006, Plaintiff filed a document titled "(Complaint)
17 Criminal" ("Complaint"), which lists the State of Washington and the U.S.
18 Government as defendants. (Ct. Rec. 1.)  This document was construed as
19 a civil complaint and a new case was opened in Plaintiff's name (CV-06-
20 3045-EFS). *Id.*  Now, as it did in Case No. CV-05-3088-EFS and pursuant
21 to 28 U.S.C. § 1915(e)(2), the Court screens Plaintiff's Complaint for
22 factual and legal sufficiency.

23 Plaintiff's Complaint, in its entirety, states:

24 There has been so much abuse within case # CV-05-3088-efs to
justify a criminal case where judicial branch of government can
25 rely on the enclosed case and use it as a guide and give
plaintiff relief also in criminal court in a separate action
26 (in a criminal court.)  So, give this criminal complaint
another case number and call me into court as a person who has

ORDER ~ 2

1 | been abused by known and unknown people (media, etc.), this will activate my civic action as possibly the only civic (class
2 | action) (jurisdiction in Yakima primarily as I am judiciary and am needed in other areas) also.  Expedite this to respond as
3 | you would within 2 weeks.

4 *Id.*

5 Because, as is evident from the language restated above, Plaintiff's
6 Complaint fails to (1) state the grounds upon which the Court's
7 jurisdiction was based, (2) explain why Plaintiff is entitled to relief,
8 and (3) make a demand for relief, the Court concludes the Complaint is
9 legally insufficient under Rule 8(a) for the same reasons Plaintiff's
10 complaints in Case No. CV-05-3088-EFS were deemed legally insufficient.
11 Unless it is absolutely clear that amendment would be futile, a *pro*
12 *se* litigant must be given the opportunity to amend her complaint to
13 correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.
14 1987).  Here, because the Court believes it is absolutely clear that
15 amendment would be futile, Plaintiff is not granted the opportunity to
16 amend her Complaint.  This is because only United States Attorneys are
17 permitted to file criminal actions in United States District Courts. 28
18 U.S.C. § 547(1).  Thus, because Plaintiff is not a United States
19 Attorney, the Court concludes no amendment of Plaintiff's Complaint,
20 which seeks to institute criminal proceedings, based on conduct related
21 to the handling of Case No. 05-3088-EFS, would result in a legally
22 sufficient complaint capable of attaining the relief, i.e. criminal
23 sanctions, Plaintiff now seeks.  For these reasons, the Court dismisses
24 Plaintiff's Complaint.

25 Accordingly, **IT IS HEREBY ORDERED**:

26 1. Plaintiff's Complaint **(Ct. Rec. 1)** is **DISMISSED**.

ORDER ~ 3

1    2. The Clerk of the Court is directed to **ENTER JUDGMENT** in this case
2 and **CLOSE THIS FILE.**
3    **IT IS SO ORDERED.**  The District Court Executive is directed to enter
4 this Order and provide a copy to Plaintiff.
5    **DATED** this ___21st___ day of June 2006.

            s/ Edward F. Shea
            EDWARD F. SHEA
        United States District Judge

Q:\Civil\2006\3045.dismiss.compl.frm

ORDER ~ 4