UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE F. SULLIVAN,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON and U.S. GOVERNMENT,<br><br>            Defendants. | NO. CV-06-3045-EFS<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT** |

    On September 6, 2005, Plaintiff Jane F. Sullivan filed what was construed by the Clerk of the Court to be a *pro se* civil complaint against the State of Washington. (CV-05-3088-EFS: Ct. Rec. 1.) As a result of that filing, a civil action (CV-05-3088-EFS) was opened in Plaintiff's name and assigned to this Court. *Id.* After reviewing Plaintiff's complaint in that action for legal and factual sufficiency, the Court determined Plaintiff's complaint was in violation of Federal Rule of Civil Procedure 8(a) because it failed to (1) state the grounds upon which the Court's jurisdiction was based, (2) explain why Plaintiff was entitled to relief, and (3) make a demand for relief. (CV-05-3088-EFS: Ct. Rec. 23.) For that reason, the Court did not permit Plaintiff to proceed against the State of Washington in Case No. CV-05-3088 based on the allegations contained in the original complaint. *Id.* Nonetheless,

ORDER ~ 1

because the Court determined it was not absolutely clear that amendment would be futile, Plaintiff was permitted to amend her complaint in Case No. CV-05-3088-EFS. *Id.* In response, on January 10, 2006, Plaintiff filed an amended complaint. (CV-05-3088-EFS: Ct. Rec. 27.)

After receiving Plaintiff's amended complaint, the Court conducted a second screening for legal and factual sufficiency. (CV-05-3088: Ct. Rec. 28.) Again, as was found with regard to the original complaint, the Court concluded the amended complaint did not comply with Rule 8(a) because it failed to (1) state the grounds upon which the Court's jurisdiction was based, (2) explain why Plaintiff was entitled to relief, and (3) make a demand for relief. *Id.* Because Plaintiff failed to file an amended complaint in compliance with Rule 8(a), the Court dismissed Case No. CV-05-3088-EFS. *Id.* Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals on January 23, 2006. (CV-05-3088: Ct. Rec. 30.) This appeal is still pending.

On May 30, 2006, Plaintiff filed a document titled "(Complaint) Criminal" ("Complaint"), which lists the State of Washington and the U.S. Government as defendants. (Ct. Rec. 1.) This document was construed as a civil complaint and a new case was opened in Plaintiff's name (CV-06-3045-EFS). *Id.* Now, as it did in Case No. CV-05-3088-EFS and pursuant to 28 U.S.C. § 1915(e)(2), the Court screens Plaintiff's Complaint for factual and legal sufficiency.

Plaintiff's Complaint, in its entirety, states:

> There has been so much abuse within case # CV-05-3088-efs to justify a criminal case where judicial branch of government can rely on the enclosed case and use it as a guide and give plaintiff relief also in criminal court in a separate action (in a criminal court.) So, give this criminal complaint another case number and call me into court as a person who has

ORDER ~ 2

been abused by known and unknown people (media, etc.), this will activate my civic action as possibly the only civic (class action) (jurisdiction in Yakima primarily as I am judiciary and am needed in other areas) also. Expedite this to respond as you would within 2 weeks.

*Id.*

Because, as is evident from the language restated above, Plaintiff's Complaint fails to (1) state the grounds upon which the Court's jurisdiction was based, (2) explain why Plaintiff is entitled to relief, and (3) make a demand for relief, the Court concludes the Complaint is legally insufficient under Rule 8(a) for the same reasons Plaintiff's complaints in Case No. CV-05-3088-EFS were deemed legally insufficient.

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, because the Court believes it is absolutely clear that amendment would be futile, Plaintiff is not granted the opportunity to amend her Complaint. This is because only United States Attorneys are permitted to file criminal actions in United States District Courts. 28 U.S.C. § 547(1). Thus, because Plaintiff is not a United States Attorney, the Court concludes no amendment of Plaintiff's Complaint, which seeks to institute criminal proceedings, based on conduct related to the handling of Case No. 05-3088-EFS, would result in a legally sufficient complaint capable of attaining the relief, i.e. criminal sanctions, Plaintiff now seeks. For these reasons, the Court dismisses Plaintiff's Complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint **(Ct. Rec. 1)** is **DISMISSED**.

ORDER ~ 3

1    2. The Clerk of the Court is directed to **ENTER JUDGMENT** in this case
2 and **CLOSE THIS FILE.**
3    **IT IS SO ORDERED.**  The District Court Executive is directed to enter
4 this Order and provide a copy to Plaintiff.
5    **DATED** this ___21st___ day of June 2006.

                            s/ Edward F. Shea
                             EDWARD F. SHEA
                        United States District Judge

Q:\Civil\2006\3045.dismiss.compl.frm

ORDER ~ 4